**Martin TESHER, Plaintiff,**

v.

**UNITED STATES OF AMERICA, Defendant.**

No. 02 Civ. 7445(LAK).

United States District Court, S.D. New York.

Feb. 24, 2003.

Jeffrey M. Herrmann, New York City, for Plaintiff.

Nicole L. Gueron, Assistant United States Attorney, James B. Comey, United States Attorney, for Defendant.

## MEMORANDUM OPINION

KAPLAN, District Judge.

This is an action to reverse a 2002 decision by the Internal Revenue Service, which declined a request by plaintiff to set aside a Notice of Federal Tax Lien ("NFTL") filed against him by the IRS to collect, pursuant to the United States—Canada Income Tax Convention ("US-CITC"), Canadian taxes owed by plaintiff. Defendant has moved to dismiss the complaint for failure to state a claim upon which relief may be granted.

*Facts*

The IRS issued the NFTL against plaintiff and, on February 17, 2000, filed it in the office of the Register of the City of New York, County of New York.[1] The NFTL seeks a total of $59,314. It states on its face that:

> "THIS AMOUNT IS DUE, OWING, AND UNPAID TO THE GOVERNMENT OF CANADA, AND IS BEING COLLECTED ON BEHALF OF CANADA UNDER THE PROVISIONS OF ARTICLE 26A OF THE UNITED STATES CANADA INCOME TAX CONVENTION, AND APPLICABLE LAWS OF THE UNITED STATES OF AMERICA."[2]

In addition, the form erroneously states, in a column headed "Kind of Tax," that the unpaid balance was based on "1040" taxes. Plaintiff claims that this implies that the unpaid balance was owed to the United States in respect of U.S. income taxes notwithstanding the clear language quoted above.

---

1. Compl. ¶ 3.

2. *Id.* Ex. A.

Plaintiff sought and received an administrative hearing before the IRS to contest the propriety of the lien arguing, at least in part, that the NFTL contravened Paragraph 7 of Article 26A of the USCITC, which provides that Canadian revenue claims accepted by the United States for collection shall not have any priority accorded to revenue claims of the United States itself. The Service rejected his application on February 20, 2002. It held that nothing in the NFTL sought to accord the lien any priority under U.S. law. Although it acknowledged that the reference to "1040" in the "Kind of Tax" column was erroneous, it "concluded that this was not a fatal flaw since the language contained in the notice clearly states that the amount is owed to the Government of Canada."[3]

Plaintiff now seeks to annul the NFTL in this Court on the same grounds referred to in the preceding paragraph.[4]

### Discussion

The USCITC was signed in 1980 and entered into force on August 16, 1984. A Revised Protocol Amending the 1980 Tax Convention with Canada was added in 1995 (the "1995 Protocol").[5]

Article 15 of the 1995 Protocol added to the Convention a new Article XXVI A, entitled "Assistance in Collection" ("Article 26A"), which permits the United States and Canada to assist one another in collecting taxes owed to them.[6] Article 26A provides that if the "requested State" (here, the United States) accepts for collection a tax claim of the "applicant State" (here, Canada), such a claim "shall be collected by the requested State *as though such revenue claim were the requested State's own revenue claim* finally determined in accordance with the laws applicable to the collection of the requested State's own taxes."[7] It states further that "[w]here an application for collection of a revenue claim in respect of a taxpayer is accepted (a) By the United States, the revenue claim shall be treated by the United States as an assessment under United States laws against the taxpayer as of the time the application is received...."[8] It provides also that ordinary IRS procedures are to be applied in enforcing Canadian tax claims.[9] Finally, it states that "[a] revenue claim of an applicant State accepted for collection shall not have in the requested State any priority accorded to the revenue claims of the requested State."[10] It is plaintiff's submission that the NFTL violates this proviso, and therefore is invalid, because it accords a forbidden priority to the lien in respect of the Canadian taxes. The parties tacitly agree that the question before the Court is whether the IRS abused its discretion in denying plaintiff's application for relief.

### The Priority Contention

 The thrust of plaintiff's position is that "[b]y issuing and filing the Lien, the IRS ... violated Paragraph 7 of Article XXVI A of the Convention, by creating a priority for the subject unpaid assessment of tax owed to Canada as if such unpaid assessment of tax were owed to the United

---

**3.** *Id.* Ex. C, Attachment at 2.

**4.** He previously sought relief in the United States Tax Court, but his proceeding there was dismissed without prejudice to the filing of this action. *Id.* ¶¶ 6–7.

**5.** *See* A Revised Protocol Amending the 1980 Tax Convention with Canada, S. TREATY DOC. No. 104–4 (1995), 1984 WL 261890.

**6.** Compl. ¶ 11 & Ex. F.

**7.** *Id.* Ex. F, ¶ 3 (emphasis added).

**8.** *Id.* ¶ 4.

**9.** *Id.* ¶ 10(b).

**10.** *Id.* ¶ 7.

States." [11] He is mistaken. As the government argues, IRS tax liens do not have any inherent, "built in" priority over other liens. The Supreme Court has stated that "[f]ederal tax liens do not automatically have priority over all other liens. Absent provision to the contrary, priority for purposes of federal law is governed by the common-law principle that 'the first in time is the first in right.' " [12] And that priority is not one peculiar to the IRS or to federal tax liens. Rather, it is a creature of the common law.[13] And this, in truth, is beside the point. The NFTL here at issue states on its face that it was levied to enforce a Canadian tax liability pursuant to the USCITC, which includes Art. 26A, ¶ 7, and thus gives notice that the lien has no priority that would have attached had it sought collection of a revenue claim of the United States.

■ Plaintiff complains that he has been harmed because "creditors and potential creditors have . . . assumed that the Lien creates the same priorities as would a Lien for unpaid assessment of United States taxes." [14] He refers also to certain federal and state statutes that, in particular circumstances, do afford priority to claims for U.S. federal taxes.[15]

The short answer to this contention is that any misunderstandings by creditors and potential creditors are not the responsibility of the United States and certainly do not invalidate the lien. In any case, given that there is no universal priority accorded to federal tax liens, and that the

IRS certainly disclaims any effort to obtain such a priority for this one, what plaintiff really is seeking is some kind of advisory opinion designed to innoculate himself against claims that might conceivably arise in some presently unforeseeable future circumstance. But there is no basis for granting such relief, even if it were possible to imagine the circumstances with sufficient clarity. It suffices for present purposes to note that, should plaintiff some day find himself to be insolvent, pass away, or have property sold in foreclosure, and if in any of those circumstances someone sought to obtain a priority for the Canadian taxes, collection of which is the object of the NFTL, plaintiff or his personal representative, if so inclined, would have an opportunity to contend that affording such priority—whether under federal or state law—would violate Art. 26A, ¶ 7.

### The Error in the NFTL

■ Plaintiff claims that the error in entering "1040" in the "Kind of Tax" column invalidates the lien. The IRS determined otherwise in view of the NFTL's clear statement that the amount claimed is owed to the Government of Canada, not the United States. Given the clear lack of prejudice, the IRS did not abuse its discretion in holding that this technical error did not invalidate the NFTL.

### Conclusion

For the foregoing reasons, defendant's motion to dismiss the complaint is granted

---

**11.** Compl. ¶ 13.

**12.** *United States v. McDermott,* 507 U.S. 447, 449, 113 S.Ct. 1526, 123 L.Ed.2d 128 (1993).

**13.** *Id.*

**14.** Compl. ¶ 19.

**15.** Pl. Mem. 3–7 (citing 31 U.S.C. § 3713 (priority for U.S. government claims against insolvent persons outside bankruptcy); N.Y.

Surr. Ct. Proc. Act § 1811(2)(a) (priority in distribution of decedents' estates for debts entitled to preference under federal or state law and for taxes assessed on property of decedent prior to death). N.Y. Real Prop. Acts. L. § 1354, subd. 2 (taxes assessed against property sold upon foreclosure deemed expenses of sale)).

in all respects.[16]

SO ORDERED.

---

16. The Court notes that the complaint asserts that the NFTL is fatally vague because it fails to reflect the fact that the underlying liability is in Canadian rather than U.S. dollars, that it fluctuates with the exchange rate, and that the dollar amount in the NFTL therefore usually will be incorrect. *See* Compl. ¶ 18. Plaintiff has not pressed this point in his opposition to the government's motion, and it is deemed abandoned.